UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FIRST TOWER LOAN, LLC                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:13CV12 DPJ-FKB

GREAT LAKES REINSURANCE (U.K.) PLC
AND JOHNSON & JOHNSON, INC.                                       DEFENDANTS

ORDER

This insurance-contract dispute is before the Court on motion of Defendants Great Lakes

Reinsurance and Johnson & Johnson, Inc. to dismiss [89] Plaintiff's Amended Complaint [84]

pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff First Tower Loan, LLC has

responded in opposition.  The Court, having considered the memoranda of the parties, along with

the pertinent authorities, finds that Defendants' motion should be denied.

I.      Facts and Procedural History

This suit involves a homeowner's insurance policy issued by Defendants to Gregory and

Edna Phillips.  The property was damaged by fire in 2011, prompting the Phillips' claim.  But

Defendants denied the claim based on false representations on the Phillips' application as to their

bankruptcy history.  Plaintiff First Tower Loan, LLC then sought payment under the policy as

mortgagee pursuant to Mississippi Code Section 83-13-9.

At the heart of this suit is the name used to identify the mortgagee on the declarations

page of the policy.  That section of the contract merely lists "Tower Loan" as mortgagee.

Amended Complaint, Ex. C [84-3] at 2.  But once the Phillips were out of the picture, First

Tower Loan, LLC d/b/a Tower Loan of Prentiss stepped forward and presented a demand as

mortgagee.  Pl.'s Amd. Compl., Ex. F [84-6] at 1.  Defendants declined, citing the discrepancy in the name.

Having been denied, First Tower Loan, LLC filed this suit alleging breach of contract and bad faith denial of insurance coverage.  In its Amended Complaint, Plaintiff explains that First Tower Loan, LLC was formerly First Tower Loan, Inc., and both "are widely know by, and do business as, the trade name and/or abbreviation 'Tower Loan.'" Pl.'s Amd. Compl. [84] at ¶ 1.[1] Defendants have now moved to dismiss the Amended Complaint, hanging their hat on the theory that First Tower Loan, LLC is not a party to the contract.

II.    Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663

---

[1]  The Deed of Trust names "First Tower Loan Inc. d/b/a Tower Loan of Prentiss" as the lender, and the Disclosure Statement lists "First Tower Loan Inc., Tower Loan of Prentiss" as the lender.  Both of these documents are attached to the Amended Complaint.  Pl.'s Amd. Compl., Ex. A [84-1] and Ex. B [84-2].

(2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed.

R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation

that discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap*

*Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.    Analysis

Defendants insist that because First Tower Loan, LLC is not a named mortgagee under

the policy, it is not a party to the contract and, therefore, cannot maintain a breach of contract

claim.  And without a contract, the claim for bad faith also fails.  First Tower Loan counters that

a business can enter a contract using its trade name or abbreviation—a fact Defendants somewhat

concede in reply.  *See* Defs.' Reply [97] at 2 ("Defendants do not contest that identity of a

business by its trade name is permissible in some instances."); *see also* Couch on Insurance 3d,

Vol. 3 §40:4 (2011 ed.) ("An insured may use any name when contracting with an insurer as long

as the identity is clearly established and the choice of a name is not an attempt at fraud.").

Despite this concession, Defendants maintain that "this particular use of a trade name is

'seriously misleading.'"  Defs.' Reply [97] at 3 (citing *West Implement Co. v. First S. Prod.*

*Credit Ass'n*, 815 So. 2d 1164 (Miss. 2002)).  Such a finding might prove Defendant's point, but

as their authority states, "whether there is an error in a financing statement is a question of law,

and whether that error is seriously misleading is a question of fact."  *West Implement Co.*, 815

So. 2d at 1166 (citing *In re Strickland*, 94 B.R. 898, 902 Bankr. N.D. Miss. 1988) (holding that

"[t]he determination of whether an error in a financing statement is seriously misleading must turn on the facts of the particular case")).

Defendants offer a number of arguments to carry this factual dispute, but they are misplaced at the 12(b)(6) stage.  *See E.H. v. Miss. Dep't of Educ.*, No. 3:12–cv–00474–DPJ–FKB, 2013 WL 4787354, at *1 (S.D. Miss. Sept. 6, 2013) ("Ordinarily, a court decides a motion to dismiss for failure to state a claim looking only at the face of the complaint."  (citing Fed. R. Civ. P. 12(d)).  As stated, Plaintiff alleged in its Complaint that Tower Loan is the trade name of First Tower Loan, LLC, and the Court must accept the truth of the factual averments under Rule 12(b)(6).  Pl.'s Amd. Compl. [84] at ¶ 1.  Defendants' motion to dismiss is denied.

IV.     Conclusion

Those arguments not addressed would not change the outcome.  Based on the foregoing, the Court finds Defendants' motion to dismiss [89] should be denied.

**SO ORDERED AND ADJUDGED** this the 19th day of February, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE